IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2001-cr-30005-JPG |
| | ) |
| JAMES GIBSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court are Gibson's post trial motion (Doc. 481) and Gibson's affidavit of James R. Gibson pro se. (Doc. 482). The Court initially notes its agreement with the Government's point-by-point reading of Gibson's motions and the Government's responses to those points. Therefore, to the extent the Court would overlook in this Order an issue asserted in one of Gibson's motions currently under review, the Court **ADOPTS** the Government's position on the particular point. In any event, Gibson's concerns may be answered as follows:

1. This background paragraph seeks no relief, though the Court notes that Gibson's indictment was never altered as he alleges here.

2. Gibson argues in this paragraph that his conduct didn't affect a financial institution within the meaning of 18 U.S.C. §§1341, 1343. Those sections provide: "If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." The Government concedes in response that Gibson isn't subject to the statutory enhancement, though it adds that "[t]he five-year statutory maximum on the individual mail and wire fraud counts does not provide anticipated relief to [Gibson] in that the total statutory maximum for all of the counts of conviction total forty (40) years." (Doc. 483 at

1).  The Court agrees with the Government and overrules Gibson's objection.

      3.  Gibson objects here to the Court's use of the "old" Pre Sentence Report to sentence him in this case.  But the Court notes, as it did in open court, that Gibson will have (or has had) the opportunity to provide additional information should he choose to do so.  So Gibson's objection is overruled.

      4.  The concerns stated in this paragraph are addressed by paragraph (3) above.

      5.  To the extent Gibson raises issues relating to his since-vacated guilty plea, the Court finds those concerns irrelevant given that he's since been convicted by a jury on all counts alleged in the indictment.  Moreover, Gibson's statements relating to the "financial institution" enhancement are repetitive and were addressed in paragraph (2) above.

      6.  Gibson claims in this paragraph that the indictment in this case was duplicitous and repetitive.  Objection overruled.  Gibson also claims that the statute-of-limitations bars reinstatement of Counts 2-7 of the indictment in this case.  Because those concerns were addressed in the Court's March 21, 2005 Order, and that ruling stands, the objection is overruled.

      7.  Gibson's speedy trial objection is overruled.

      8.  Gibson claim here concerns the circumstances surrounding his since-vacated guilty plea in this case.  He suggests the plea was coerced due to the conditions surrounding his pre-trial incarceration.  But as this Court has made clear in these proceedings, those circumstances are irrelevant; Gibson was afforded relief from that plea, and he's exercised his right to a jury trial.

      9.  Gibson next claims the Court altered the indictment in this case by including the words "aided and abetted mail fraud" in the jury instructions.  But 18 U.S.C. §2(a), a provision

written into Gibson's indictment, see e.g., Indictment at pages 37 and 39, provides: "Whoever commits an offense against the United States or aids, abets, counsels, induces, or procures its commission, is punishable as a principal."  Gibson's objection is overruled.

10.  Gibson's claim of "cumulative error" is overruled.

11.  Gibson here raises the forged indictment claim addressed in the Court's March 21st ruling, which the Court has said in paragraph 6 of this Order stands as written.  Moreover, the Court disagrees that Gibson's "constitutional rights have been violated at every turn."

12.  In his prayer for relief, Gibson claims Probation Officer Wendy Dunne harbors prejudice against him; he therefore wants a new probation officer assigned to this case.  But the Court disagrees, so the request is denied.  Second, Gibson claims error in the Court's rulings excluding the testimony of proposed trial witnesses whose knowledge generally related solely to civil matters concerning his company.  In making those rulings, the Court carefully considered the relevance of the proffered testimony.  The rulings were correct and the objection is overruled.

13.  Turning to Gibson's affidavit, he asks that the Court investigate whether a 28 U.S.C. §2255 motion he claims to have mailed from the Marion County, Illinois jail was actually mailed or not.  The Court declines the invitation, however, noting that a 2255 is premature in any event because Gibson has yet to complete a direct appeal of his case.

For the foregoing reasons, Gibson's post trial motion (Doc. 481) and Gibson's affidavit (Doc. 482) are both **DENIED**.

**Dated: May 24, 2005.**

/s/ J. Phil Gilbert_____
**J. PHIL GILBERT**
**U.S. District Judge**