AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN District of ILLINOIS

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| v. | |
| JAMES R. GIBSON | Case Number: 3:01CR30005-001-JPG |
| | USM Number: 62228-004 |
| | James R. Gibson, Pro Se (John R. Abell-Stand-by) |
| | Defendant's Attorney |

FILED NOV - 3 2005 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS BENTON OFFICE

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1, 2, 3, 4, 5, 6 and 7 of the Superseding Indictment.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. 371 | Conspiracy to Commit Mail and Wire Fraud | 06/2001 | 1s |
| 18 U.S.C. 1341 | Mail Fraud | 05/2000 | 2s,3s,4s |
| 18 U.S.C. 1343 | Wire Fraud | 05/2000 | 5s, 6s |
| 18 U.S.C. 1957 & 1956(h) | Conspiracy to Commit Money Laundering | 06/2001 | 7s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residen or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitutio the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/21/2005
Date of Imposition of Judgment

_Signature of Judge_

J. Phil Gilbert, District Judge
Name and Title of Judge

November 3, 2005
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page  2

DEFENDANT:       JAMES R. GIBSON
CASE NUMBER:     3:01CR30005-001-JPG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    480 months

60 months on each of Counts 1s, 2s, 3s, 4s, 5s and 6s and 120 months on Count 7s. All Counts to run consecutive to each other for a total of 480 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page   3

DEFENDANT:       JAMES R. GIBSON
CASE NUMBER:     3:01CR30005-001-JPG

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   3 years

3 years on Counts 1s, 2s, 3s, 4s, 5s, 6s and 7s. All Counts to run concurrent with each other.

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from th custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional condition on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or oth acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of an contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement office

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without th permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's crimin record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm th defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page 4

DEFENDANT:      JAMES R. GIBSON
CASE NUMBER:    3:01CR30005-001-JPG

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Offic with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5

DEFENDANT: JAMES R. GIBSON
CASE NUMBER: 3:01CR30005-001-JPG

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution**   |
|--------|----------------|----------|-------------------|
| TOTALS | $ 700.00       | $ 0      | $ 83,282,767.42   |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be enter after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be p before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See attached list & order regarding restitution | | | |
| **TOTALS** | $ 83,282,767.42 | $ 83,282,767.42 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or aft September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page 6

DEFENDANT: JAMES R. GIBSON
CASE NUMBER: 3:01CR30005-001-JPG

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ _____ due immediately, balance due

　　☐ not later than _____ , or
　　☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payments are due immediately, through the Clerk of the Court, but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program. Any Financial penalties that remain unpaid at the commencement of the term of supervised release shall be paid at the rate of $ _____ per month, _____ % of defendants monthly gross earnings, whichever is greater.

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

While on supervised release the defendant shall make monthly payments in the amount of $500.00 or ten percent of his net monthly income, whichever is greater toward his restitution. The defendant shall make restitution in the amount of $83,282,767.42. This amount will be offset by the monies already paid to the victims through this Court & from civil litigation third-party settlements. Any restitution payment made by the defendant shall be divided among the victims named in proportion their compensable injuries. No further payment shall be required after the sum of the amounts actually paid by all defendants ha fully covered the compensable injury. Restitution shall be paid through the Clerk of the Court & is due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due durin imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financi Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Jacqueline M. Little in the amount of $100,000.00
Marjorie G. Gibson in the amount of $66,000,000.00

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Criminal No. 01-30005-JPG** |
| ) | |
| **JAMES R. GIBSON, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P 32.2 WITH RESPECT TO UNITED STATES FUNDS OF $35,000,000.00

In Count 8 of the Superseding Indictment filed in the above cause on October 18, 2001, the United States sought forfeiture of property of Defendant, James R. Gibson, pursuant to 18 U.S.C. § 982. The Court, upon consideration of the testimony and exhibits submitted in this cause, hereby finds by preponderance of evidence that the following property is forfeitable and hereby orders forfeited the following property which was involved in the offense described in Count 7 of the Superseding Indictment:

**United States funds of thirty-five million dollars ($35,000,000.00)**

A monetary forfeiture judgment is entered in favor of the United States and against defendant James R. Gibson in the amount of $35,000,000.00. Said judgment may be enforced as an ordinary monetary judgment, by the forfeiture of substitute assets, or by a combination of both, as long as double recovery is not obtained by the government.

Said forfeiture judgment for $35,000,000.00 is separate from and in addition to any judgment for restitution to be entered by this Court and is enforceable above and beyond any said judgment for restitution.

In that the forfeiture consists of a money judgment, it is not necessary for the United States to publish or provide notice or for the Court to conduct an ancillary hearing.

This Order for Forfeiture is final with respect to defendant James R. Gibson and is hereby part of his sentence and to be included in his judgment.

IT IS SO ORDERED.

Dated: 9/21/05

J. PHIL GILBERT
United States District Judge

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COURT NUMBER: 01 CR 30005 JPG |
| ) | |
| JAMES R. GIBSON, ) | |
| ) | |
| Defendant. ) | |

**GILBERT, District Judge**

### ORDER REGARDING RESTITUTION

The Court at sentencing has previously made a finding, consistent with the presentence investigation report, that the total losses to the victims were $83,282,767.42 which represents the present value of their losses. The Court has received evidence from the Government and U.S. Probation regarding compensatory damages and other credits the victims have received for their losses. These amounts will be a credit toward the total restitution amount. There are 159 victim accounts. Many of the victims to date have received full compensation. Monies have been received through private lawsuits filed by some of the victims, through a pre-trial diversion settlement paid by BDO Seidman, L.L.P. in Cause No. 02-30040-GPM in the United States District Court for the Southern District of Illinois, through distributions of assets seized from Gibson, his relatives, and his corporations, and through distribution of property held by the Clerk of the Court in Causes Nos. 03-154-GPM and 03-155-GPM. Money has also been received through collection of interest earned on the money held on account in the United States. Clerk's Office. Giving Defendant James R. Gibson credit for this money received, the current restitution owed is $20,813,613.29 payable to the remaining victims pro rata according to their remaining losses. The calculation of restitution to third-party victims who have

compensated direct victims for their losses is not necessary in this case, would unduly complicate and delay the proceedings, and the Defendant is not likely to be able to pay off the total restitution owed to direct victims. Defendant James Gibson is jointly and severally liable for restitution with co-defendant Marjorie Gibson to the extent and amount restitution was ordered in her sentence. The Defendant shall receive credit for any future money received by the victims as compensation for the same loss. Restitution shall be distributed pro rata to the remaining victims [who have not been fully compensated] according to the percentage of their remaining losses. Restitution is due and payable immediately.

During the term of his incarceration, James R. Gibson shall pay towards said judgment the sum of $25 every three months from the wages he can receive while in prison. Said collection shall commence as soon as the defendant is remanded to the Bureau of Prisons. The Court shall retain the right to alter the amount or schedule of said payments in the future. The Defendant is hereby ordered to notify immediately the Attorney General (through the office of the United States Attorney's Office for the Southern District of Illinois) and the Court of any material change in his economic circumstances that may affect his ability to pay restitution.

Dated: Nov. 3, 2005

J. PHIL GILBERT
United States District Judge