UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES R. GIBSON, )<br>)<br>Defendant. ) | Case No. 01-cr-30005-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant James Gibson's Motion (Doc. 605) and Request for Hearing (Doc. 607). Specifically, Gibson opposes the Government's Application (Doc. 601) and Writ of Execution (Doc. 603), whereby the Government seeks to collect unclaimed monetary property of Gibson's in order to partially satisfy the outstanding judgment entered against him in this case. The Government filed a Response (Doc. 608) to Gibson's motion and request.

In terms of relief sought, Gibson seeks a hearing on the issue of forfeiture, a transfer of said hearing, if granted, to the district in which Gibson currently resides, and an up-to-date summary of payments made to claimants of this case. As a matter of background, the money at issue totals $85.24 and represents "commissions" paid by Prudential Insurance Company of America more than twenty years ago. It is the Court's understanding that the Clerk of Court has already applied said money to the outstanding judgment in this case. (Doc. 608, p. 2).

Pursuant to 28 U.S.C. § 3014(b)(2), a debtor "may request a hearing on the applicability of any exemption claimed by the debtor [in response to writs of execution filed by the Government with respect to certain property]." Claimants, however, are not entitled to a hearing as a matter of law. Rather, determination of the necessity of a hearing is left to the Court's discretion.

Here, Gibson did not claim an exemption regarding his property, although the Clerk of Court afforded him a list of possible exemptions in its Notice of Post-Judgment Execution (Doc. 602). Rather, Gibson generally asserted that he does not owe the money. (Doc. 602, p. 5). Gibson's vague request lacks the specificity required for a hearing under § 3014(b)(2). Moreover, the fact that the Clerk of Court has already applied the money at issue to the judgment in this case effectively moots Gibson's request.[1] For these reasons, the Court **DENIES** Gibson's Request for a Hearing (Doc. 807).

Because Gibson has not sufficiently demonstrated the need for a hearing, his request for a transfer of venue is moot. Further, Gibson has not cited any legal basis for the requested summary. As such, the Court **DENIES** Gibson's Motion (Doc. 605) as well.

**IT IS SO ORDERED.**
Dated: November 3, 2010

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**

---

[1] The instant motion and request were not made until 55 days after the the notice of post-judgment execution had been sent to Gibson, although he claims that the notice was not received until 43 days after it had been sent.