IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

          v.                          Case No. 01-cr-30005-JPG-1

JAMES R. GIBSON,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant James R. Gibson's motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Docs. 648 & 653).   Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 652).   *See Anders v. California*, 386 U.S. 738, 744 (1967).   The Government has not responded to counsel's motion although it was given an opportunity to do so.   The defendant responded by filing his second motion for a reduction.

A jury found the defendant guilty of one count of conspiracy to commit mail and wire fraud, three counts of aiding and abetting mail fraud, two counts of aiding and abetting wire fraud, and one count of conspiracy to commit money laundering.   At sentencing, the Court found the defendant's total offense level was 44, but since offense levels only go up to 43, he was treated as having a total offense level of 43.   *See* U.S.S.G. ch. 5, pt. A, cmt. n.2.

The defendant's criminal history category, established by his 3 criminal history points, was II. Two of his criminal history points were assessed because he was under a criminal sentence when he committed the offense of conviction ("status points").   *See* PSR ¶ 118.   This would have yielded a guideline sentencing range of life imprisonment, but he was subject to statutory maximum sentences totaling 480 months, so his guideline range became 480 months.   U.S.S.G. § 5G1.1(a).   The Court

imposed a sentence of 60 months on each of the fraud counts and 120 months on the money laundering count, all to run consecutively, for a total of 480 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.   Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.   For defendants who received status points and had fewer than 7 criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to zero.[1]   Amendment 821 is retroactive.   *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   Amendment 821 did not lower the defendant's guideline sentencing range.   It is true that Part A of Amendment 821 reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 3 to 1 and reduced his criminal

---

[1] Part B of Amendment 821 concerns defendants with no criminal history points.   This does not apply to the defendant because he was assessed criminal history points.

history category from II to I.   However, even in criminal history category I, with an offense level of 43, the defendant's guideline range would be life in prison, reduced to 480 months under U.S.S.G. §5G1.1(a).   *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A.   Thus, Amendment 821 did not result in a lower guideline sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 652) and **DENIES** Gibson's *pro se* motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Docs. 648 & 653).   FPD Kim C. Freter is terminated as counsel in this case.

The Court further notes that the defendant's motions both make passing reference to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).   He does not, however, support the references with any relevant argument.   Should the defendant seek consideration for compassionate release, after exhausting his administrative remedies he may file another motion supporting such a request.

**IT IS SO ORDERED.**
**DATED:   July 8, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**